UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANTHONY LOVELL,<br><br>Plaintiff,<br><br>v.<br><br>EAST OAKLAND POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No. 23-cv-01451-WHO (PR)<br><br>**ORDER SCREENING COMPLAINT** |

## INTRODUCTION

Plaintiff David Anthony Lovell III alleges defendants violated his Eighth Amendment rights by being deliberate indifferent to his serious medical needs. His complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

Lovell has stated cognizable Eighth Amendment claims against some defendants, but not others. His Eighth Amendment allegations against correctional staff are viable, but his allegation that a false report was filed is not sufficient to state a claim for relief. Also, his claims against a doctor are conclusory and require further factual detail. Unless Lovell files an amended complaint on or before December 1, 2023, I will order service of the current complaint on the viable claims only.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

Lovell alleges that on May 13, 2022 he was deprived of medical care after being stabbed in the head. (Compl., Dkt. No. 1 at 2.) He alleges that (i) East Oakland Police Department Officers Lara and Tellez urged medical staff at Highland Hospital to "not help" him and interfered with his receiving proper medical care; (ii) Sergeant M. Cordoza

filed a false disciplinary report and claimed Lovell had no injuries; (iii) Officers Iniguez and Arzate kept him handcuffed even though his arms were going numb; (iv) and Dr. Cooper failed to provide adequate medical care. (*Id.* at 4.) He also names as defendants the East Oakland Police Department, Highland Hospital, Alameda County, Alameda Sheriff, and Wellpath Medical Corporation. (*Id.* at 2.)

When liberally construed, Lovell has stated Eighth Amendment claims of deliberate indifference to his serious medical needs against Lara, Tellez, Iniguez and Arzate. If he files an amended complaint, Lovell may simply repeat his allegations against these persons. However, the other allegations are not sufficient and are DISMISSED. Cordoza's filing of a false report by itself does not state a claim under § 1983. *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984) (as long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983). However, if Lovell can allege facts that he was deprived of procedural due process in the disciplinary hearing, he may be able to state a claim for relief.

Lovell's claims against Dr. Cooper require more detail to proceed. His allegations state only that Cooper is liable for "deliberately not giving me medical attention to save Wellpath monies." (Compl., Dkt. No. 1 at 2.) The federal pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.* If he files an amended complaint, Lovell must state what care he required and what care Cooper failed to provide.

3

1    Because his allegations do not connect the actions of the above individuals to any
2    institution or government agency, his claims against East Oakland Police Department,
3    Highland Hospital, Alameda County, the Alameda Sheriff, and Wellpath Medical
4    Corporation are DISMISSED. Local governments are "persons" subject to liability under
5    42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v.*
6    *Dep't of Social Servs.*, 436 U.S. 658, 690 (1978), but a municipality may not be held
7    vicariously liable for the unconstitutional acts of its employees under the theory of
8    respondeat superior. *See Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997);
9    *Monell*, 436 U.S. at 691. To impose municipal liability under § 1983 for a violation of
10   constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional
11   right of which he or she was deprived; (2) that the municipality had a policy; (3) that the
12   policy amounted to deliberate indifference to the plaintiff's constitutional rights; and (4)
13   that the policy was the moving force behind the constitutional violation. *See Plumeau v.*
14   *School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Also, there is no
15   respondeat superior liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.
16   1989). It is not enough that the supervisor merely has a supervisory relationship over the
17   defendants; the plaintiff must show that the supervisor "participated in or directed the
18   violations, or knew of the violations and failed to act to prevent them." *Id.*

## CONCLUSION

20   Unless Lovell files an amended complaint on or before December 1, 2023, I will
21   order service of the viable claims contain in the current complaint. An amended complaint
22   must include the caption and civil case number used in this order (23-01451 WHO (PR))
23   and the words FIRST AMENDED COMPLAINT must be written on the first page. <u>An
24   amended complaint must also appear on this Court's form, a copy of which will be sent to
25   Lovell.</u> Because an amended complaint completely replaces the previous complaints,
26   plaintiff must include in his first amended complaint all the claims he wishes to present
27   and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262
28   (9th Cir. 1992). He may not incorporate material from the prior complaint by reference. If

4

Lovell does not file an amended complaint by December 1, 2023, I will order service of his Eighth Amendment claims of deliberate indifference to serious medical needs claims against Lara, Tellez, Iniguez, and Arzate.

**IT IS SO ORDERED.**

Dated: October 18, 2023



WILLIAM H. ORRICK
United States District Judge